FILED

**NOT FOR PUBLICATION**

MAR 06 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

DWAYNE LUCAS,

                Plaintiff - Appellant,

    v.

A. K. SCRIBNER, Warden; et al.,

                Defendants - Appellees.

No. 10-17494

D.C. No. 1:08-cv-00521-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
William Haskell Alsup, District Judge, Presiding

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

    California state prisoner Dwayne Lucas appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust

administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C.

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1997e(a).  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003).  We affirm.

The district court properly dismissed Lucas's action because Lucas did not properly exhaust administrative remedies before filing his complaint, and failed to show that administrative remedies were effectively unavailable to him.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining that "proper exhaustion" requires adherence to administrative procedural rules); *see also Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (exhaustion is not required where administrative remedies are "effectively unavailable" because of improper screening of grievances).

Lucas's remaining contentions are unpersuasive.

**AFFIRMED.**